# IN THE COURT OF APPEALS OF IOWA

No. 13-1824
Filed November 26, 2014

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**BILLY TRUE BENEDICT,**
    Defendant-Appellant.

_____

Appeal from the Iowa District Court for Madison County, Paul R. Huscher, Judge.

A defendant asks to be resentenced on his conviction for possession of methamphetamine, second offense. **AFFIRMED.**

Mark C. Smith, State Appellate Defender, and Nan Jennisch, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Mary A. Triick, Assistant Attorney General, and Julie Forsyth, County Attorney, for appellee.

Considered by Danilson, C.J., and Doyle and Tabor, JJ.

**TABOR, J.**

Billy True Benedict claims he received ineffective assistance of counsel at his sentencing hearing because his attorney did not object to the State's alleged breach of the plea agreement. Because the State honored the agreement recited at the plea hearing, we affirm.

During the execution of a search warrant at a Winterset residence in March 2013, police discovered Benedict in possession of a baggie containing methamphetamine and a pipe used to smoke the controlled substance. In April 2013, the State charged Benedict by trial information with possession of methamphetamine, second offense, an aggravated misdemeanor, in violation of Iowa Code section 124.401(5) (2013).

The Madison County Attorney engaged in a series of plea negotiations with Benedict. Benedict's counsel made a record concerning the last two plea offers rejected by his client; those offers included resolution of not just the current drug charge, but other pending charges of theft and criminal mischief. Defense counsel asked the prosecutor on September 10, 2013, the morning of trial, if the earlier plea offers were still on the table. At that point, the prosecutor limited the plea offer to the methamphetamine possession charge.

Off the record, Benedict and his counsel discussed the possibility of accepting the State's plea offer rather than going forward with the trial. After that discussion, defense counsel stated on the record his client was willing to enter a guilty plea to the charge of possession of methamphetamine, second offense, "and then we would ask that a PSI [presentence investigation report] be done

and we be free to argue sentencing." The county attorney told the court that agreement was acceptable to the State.

The court then started to step through the plea colloquy with Benedict, determining he was thirty-three years old and understood the charge against him. Before Benedict entered his guilty plea, the county attorney expressed her desire to clarify the terms of the plea agreement.

> [The State]: Your Honor, I believe the State needs to set forth what the plea agreement is so that all parties understand.
> THE COURT: Very well. You may do so.
> [The State]: Your Honor, the offer that was made, and my understanding is that Mr. Benedict has accepted, is that he would plead guilty as charged in this Trial Information. There is no agreement as to sentencing. A Presentence Investigation will be ordered, and the parties are free to argue whatever sentence that they would like to have imposed.
> THE COURT: Is that agreeable?
> [Defense Counsel]: That is agreeable, and that is my understanding of the plea agreement.
> THE COURT: Is that agreeable with you?
> [Benedict]: Yeah.
> THE COURT: Okay. Is there anything, Mr. Benedict, you don't understand about the plea agreement as it stands now?
> [Benedict]: Everything's clear.

The court resumed the plea colloquy, during which Benedict admitted possessing methamphetamine on March 21, 2013, and also admitted a previous drug conviction. The court accepted his guilty plea.

Benedict appeared for sentencing on November 12, 2013. The State asked the court to adopt the sentencing recommendation set forth in the PSI, namely a two-year prison term. Defense counsel argued for one year of probation, telling the court: "I think probation actually would be a greater punishment for Mr. Benedict than prison. Mr. Benedict has been in prison

before. In fact, when he entered the plea to this, he had informed me that he probably would prefer prison over probation." Benedict personally spoke to the court, confirming what his attorney had said: "[I]t's probably going to be more of a challenge on probation than just going and sitting in prison doing nothing." But Benedict explained because of his family situation, he was asking to be placed on probation.

Citing Benedict's criminal history and prior unsuccessful probationary terms, the district court determined incarceration was the appropriate sentence. The court sentenced Benedict to an indeterminate two-year prison term.

Benedict now argues his counsel provided ineffective assistance at the sentencing hearing by failing to object to the State's recommendation of a two-year prison term instead of a two-year suspended sentence and one year of probation.

Because they invoke constitutional rights, we review claims of ineffective assistance of counsel de novo. *See State v. Finney*, 834 N.W.2d 46, 49 (Iowa 2013). "To prevail on a claim of ineffective assistance of counsel, the defendant must prove that his counsel failed to perform an essential duty and that the defendant suffered prejudice as a result of this failure." *State v. Horness*, 600 N.W.2d 294, 298 (Iowa 1999).

The State must comply with both the letter and the spirit of a plea agreement. *Id.* at 296. If the State breaches a plea agreement, counsel has a duty to object because "only by objecting could counsel ensure that the defendant received the benefit of the agreement." *Id.* Defense counsel's

objection would lead to a different outcome—sufficient to show prejudice—because it would alert "the court to correct the taint by allowing the defendant to withdraw the plea or by scheduling a new sentencing hearing with a prosecutor who will make the promised recommendation." *State v. Bearse*, 748 N.W.2d 211, 218 (Iowa 2008).

On appeal, Benedict argues the two discussions at the plea hearing must be "read together" and, if we do so, we will find the State agreed to recommend a two-year suspended sentence and one-year probation as part of the final plea agreement. Benedict recognizes "there was talk that the parties would argue sentencing and that there was no agreed upon sentence," but he contends those statements "most likely meant that the defense was going to request a lesser sentence than the State." Benedict claims he received little benefit from entering a plea to "the maximum offense in return for the State's recommendation of the maximum sentence. He might as well have gone to trial and taken his chances."

The State acknowledges "some confusing and possibly contradictory statements" regarding the plea offer available to Benedict made during the pretrial hearing which turned into a plea proceeding. But the State points out the county attorney, "in an effort to make things abundantly clear," took the opportunity before Benedict entered his plea to articulate the express terms of the offer. Specifically, the county attorney stated Benedict "would plead guilty as charged in this Trial Information. There is no agreement as to sentencing. A presentence investigation will be ordered, and the parties are free to argue whatever sentence that they would like to have imposed."

Both counsel and Benedict himself acknowledged the county attorney's recitation reflected their understanding of the plea agreement. When asked by the district court if there was anything he did not understand about the plea agreement "as it stands now," Benedict responded: "Everything's clear." Having said the final plea offer was clear to him, Benedict cannot now fault counsel for not attempting to resurrect terms of a plea offer the State had taken off of the table. The final plea agreement contemplated the parties were free to argue whatever sentence they believed appropriate. Accordingly, the State's sentencing recommendation of a two-year prison sentence, in accord with the PSI report, did not breach its agreement with Benedict. Benedict's counsel had no cause to object at sentencing and did not perform below constitutional standards. *See State v. Reynolds*, 670 N.W.2d 405, 411 (Iowa 2003) (holding trial counsel cannot be held ineffective for failing to raise meritless issue).

In response to Benedict's argument that the final plea offer was of little benefit, the State contends Benedict may have accepted it because he was actually "anticipating requesting a term of incarceration over probation." Benedict and his counsel both told the sentencing court that probation could be viewed as a more onerous punishment for him than prison. But whatever Benedict's motivation for accepting the plea offer; he fails to show his attorney breached an essential duty by not objecting to the State's sentencing recommendation.

**AFFIRMED.**